UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FELIX RUBIO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ALEJANDRO MAYORKAS, AND UR M. JADDOU,<br><br>Defendants. | CASE NO. C22-904 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants' Motion for Reconsideration. (Dkt. No. 15.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 18), and all supporting materials, the Court DENIES the Motion for Reconsideration.

**ANALYSIS**

Motions for reconsideration are disfavored. Local Civil Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or

a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.

Defendants identify what they believe to be two areas of manifest error in the Court's Order denying their motion to dismiss. First, Defendants argue that the Court contravened Ninth Circuit law in finding that 8 U.S.C. § 1252(a)(2)(B)(i) does not apply outside of the removal context. They also contend a new unpublished decision from the Ninth Circuit confirms the manifest error. Second, Defendants argue that the Court's construction of 8 U.S.C. § 1252(a)(2)(D) runs afoul of Supreme Court authority and canons of statutory construction. The Court reviews both arguments.

The Court already addressed the substance of Defendants' arguments that § 1252(a)(2)(B)(i) applies outside of the removal context. The Motion for Reconsideration simply repackages those same arguments and fails to show manifest error. First, nothing in Patel v. Garland resolves the issue that the Court decided, and Defendants have not shown any manifest error in the Court's interpretation of that opinion. (See Order on MTD at 9-10.) Second, the Court already considered the Ninth Circuit case law Defendants cited, and the Court continues to find it inadequate to have resolved conclusively the question of § 1252(a)(2)(B)(i)'s application outside of the removal context. (See Order on MTD at 9-11.) Third, the new, unpublished Ninth Circuit decision Defendants cite compels no contrary conclusion. (See Mot. for Reconsideration at 4 (citing Herrera v. Garland, No. 21-17052, 2022 WL 17101156 (9th Cir. Nov. 22, 2022) (unpublished)).) This decision—which is non-precedential—did not resolve the salient question that the Court discussed in depth in the Order on the Motion to Dismiss, and provides no grounds to conclude the Court's decision was manifestly erroneous.

1 | Similarly, the Court remains unconvinced by Defendants' argument that its construction
2 | of § 1252(a)(2)(D) demonstrates manifest error. The Court construed the statute to avoid creating
3 | "substantial constitutional questions." See St. Cyr, 533 U.S. at 300; Bowen, 476 U.S. at 681
4 | n.12; (Order on MTD at 14-15). Defendants have cited to no authority that contradicts the
5 | Court's statutory construction and have failed to demonstrate manifest error.
6 | Defendants have failed to show manifest error in the Court's Order on their Motion to
7 | Dismiss or new authority that compels reconsideration. The Court DENIES the Motion for
8 | Reconsideration.
9 | The clerk is ordered to provide copies of this order to all counsel.
10 | Dated January 13, 2023.

Marsha J. Pechman
United States Senior District Judge